**BAKER & HOSTETLER LLP**
Sabrina L. Shadi (SBN 205405)
*sshadi@bakerlaw.com*
Amy E. Beverlin, SBN 284745
*abeverlin@bakerlaw.com*
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859

Attorneys for Defendant
THE E.W. SCRIPPS COMPANY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

BRIAN HELLMAN, an individual,

          Plaintiffs,

    v.

THE E.W. SCRIPPS COMPANY, an Ohio corporation; and DOES 1 through 25, inclusive,

          Defendants.

Case No.: **'23CV1278 W    WVG**

[San Diego County Superior Court Case No. 37-2023-00024260-CU-OE-CTL]

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

Action Filed: June 9, 2023

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant THE E.W. SCRIPPS COMPANY,[1] by and through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California in and for the County of San Diego (the "State Court"), in which the action is currently pending, to the United States District Court for the Southern District of California, on the grounds that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this Notice of Removal, Defendant avers as follows:

<u>**STATUS OF THE PLEADINGS AND PROCESS**</u>

1.    On June 9, 2023, Plaintiff BRIAN HELLMAN filed a Complaint for Damages ("Complaint") against Defendant, captioned *Brian Hellman v. The E.W. Scripps Company, an Ohio corporation; and Does 1 through 25, inclusive,* Case No. 37-2023-00024260-CU-OE-CTL (the "State Court Action").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.    On June 12, 2023, Defendant's agent for service of process was personally served with copies of the Summons and the Complaint in this action.  True and correct copies of the Summons and Complaint, and every other process, pleading, and order served on Defendant together therewith, are attached hereto as the Exhibits identified below:

| Exhibit | Document |
|:---:|:---|
| **B** | Summons |
| **C** | Civil Case Cover Sheet |
| **D** | Notice of Case Assignment and Civil Case Management Conference (Civil) |

[1] At all times relevant, Plaintiff was employed by Scripps Media, Inc., which is a subsidiary of Defendant.  Plaintiff was never employed by Defendant.

1

**E**     Notice of E-Filing Requirements and
Imaged Documents

**F**     Alternative Dispute Resolution (ADR)
Information

3.     On July 7, 2023, Defendant filed its Answer to Plaintiff's unverified Complaint in the State Court.  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit G**.

4.     Defendant is further informed and believes that there has been no service of process upon Defendants DOES 1 through 20, which are fictitious defendants to be disregarded for the purposes of this removal.  *See* 28 U.S.C. § 1441(a).

## TIMELINESS AND NOTICE OF REMOVAL

5.     This action has not previously been removed to federal court.

6.     Pursuant to 28 U.S.C. § 1446(b), a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based."  As set forth above, Defendant's agent for service of process was personally served with the Summons and Complaint on June 12, 2023.  Accordingly, this Notice of Removal is timely in that it is being filed within thirty (30) days of the date on which Defendant was served with the Summonses and Complaint in this action.  *See* 28 U.S.C. § 1446(b)(2)(B).

7.     In accordance with 28 U.S.C. § 1446(d), Defendant is providing contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

## REMOVAL JURISDICTION – DIVERSITY

8.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1332(a), 1441(b).  As required by 28 U.S.C. § 1441, Defendant seeks to remove this case to

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

the United States District Court for the Southern District of California, which is the District Court embracing the place where the State Court Action has been filed.

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant, because: (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendant, on the other hand; and (2) the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs.

## CITIZENSHIP OF PARTIES

10.      **Plaintiff's Citizenship.**  Defendant is informed and believes that, at all times relevant to this action, Plaintiff is and has been a resident and citizen of the State of California.  *See* Exh. A, ¶ 2.  Further, Defendant is informed and believes and based thereon alleges that, at all times during his employment, Plaintiff was domiciled in California and that he has the intent to remain living continuously in California. *See id.*, ¶ 10.  As such, for purposes of diversity jurisdiction, Plaintiff is a citizen of California.  *See, e.g.,* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which they are domiciled); *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 885 (9th Cir. 2013) (person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (party domiciled in state of party's address); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).

11.      **Defendant's Citizenship.**  Defendant is an Ohio corporation with its corporate headquarters and principal place of business in Cincinnati, Ohio.  *See* California        Secretary        of        State        Business        Search        at https://bizfileonline.sos.ca.gov/search/business  (Corporation Name Searched: "The E.W. Scripps Company"); *see also* Exh. A, ¶ 3.  At its corporate headquarters in Ohio, Defendant's officers direct, control, and coordinate Defendant's activities, and the majority of its executive and administrative functions are performed there.  Thus,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

Defendant is not a citizen of California, but rather, was and is a citizen of Ohio. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "[a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and in practice, the principal place of business "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination").

12. **Doe Defendants**. Defendants "Does 1 through 25" are fictitious defendants whose citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

13. Accordingly, there is complete diversity between Plaintiff, a citizen of California, on the one hand, and Defendant, a citizen of Ohio, on the other hand.[2] *See* 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

14. An action may be removed to and remain in federal court where the defendant establishes, by a preponderance of the evidence, that the aggregate amount-in-controversy exceeds the jurisdictional amount. *See Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).[3] To satisfy the

---

[2] Complete diversity would exist even if Plaintiff had named the proper defendant – *i.e.*, his former employer, Scripps Media, Inc. ("SMI"). *See supra* n.1. SMI is a Delaware corporation with its principal place of business in Cincinnati, Ohio. *See* California Secretary of State Business Search at https://bizfileonline.sos.ca.gov/search/business (Corporation Name Searched: "Scripps Media, Inc."). As such, SMI is a citizen of Ohio and Delaware, while Plaintiff is a citizen of California.

[3] *See, e.g., Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) ("A district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4

1    preponderance of the evidence test, a defendant must demonstrate that "it is more
2    likely than not" that the amount-in-controversy is satisfied. *Sanchez v. Monumental*
3    *Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). However, evidentiary submissions
4    are **not** required at the time of removal. *See Arias*, 936 F.3d at 925 (holding that
5    defendant need not prove the amount in controversy in notice of removal). "Instead,
6    evidence showing the amount in controversy is required '*only when* the plaintiff
7    contests, or the court questions, the defendant's allegation.'" *Id.* (emph. added).

8    15.    Indeed, when a defendant seeks to remove an action to federal court on
9    grounds of diversity jurisdiction, "the defendant's amount-in-controversy allegation
10   should be accepted [as true] when not contested by the plaintiff or questioned by the
11   court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-88
12   (2014); *see also Arias*, 936 F.3d at 927 ("[A]ssumptions made part of the defendant's
13   chain of reasoning need not be proven; they instead must only have 'some reasonable
14   ground underlying them.'"). At the time of removal, the removing defendant's
15   burden of establishing that the amount in controversy exceeds $75,000 is not
16   daunting and does not require the defendant to do extensive research or prove up the
17   plaintiff's damages. *See Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *16
18   (C.D. Cal. May 9, 2011). Thus, "a defendant's notice of removal need include only
19   a plausible allegation that the amount in controversy exceeds the jurisdictional
20   threshold." *Dart Cherokee*, 574 U.S. at 89.

21   16.    A plaintiff's complaint is a court's "first source of reference in
22   determining the amount in controversy." *LaCrosse v. Knight Truck & Trailer Sales,*
23   *LLC*, 775 F.3d 1200, 1203 (9th Cir. 2015). In determining whether the amount-in-
24   controversy exceeds $75,000, a court must presume that the plaintiff will prevail on
25   each and every claim alleged in the complaint. *See Kenneth Rothschild Trust v.*
26   *Morgan Stanley Dean Witter*, 199 F.Supp. 993, 1001 (C.D. Cal. 2002). The ultimate
27
28   ――――――――――――――
     the jurisdictional requirements are satisfied.").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

5

inquiry asks what amount is put "in controversy" by the operative complaint, not what amount a court or jury might later determine to be the actual amount of damages, if any. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal").[4]   The Court may also look beyond the complaint to determine whether the amount-in-controversy is met, if necessary. *See Abrego Abrego,* 443 F.3d at 690.

17.    The amount in controversy may include general and special compensatory damages. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002). Further, when attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy."  *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").  Moreover, "a court **must** include *future* attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emph. added); *see also Chavez*, 888 F.3d at 414-15 ("[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.").  The amount-in-controversy

---

[4] *See also Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (the "'amount in controversy' … for jurisdictional purposes, [is] the sum put in controversy by the plaintiff's complaint"); *see also, e.g., Wilder v. Bank of Am.*, 2014 WL 6896116, *4 (C.D. Cal. Dec. 5, 2014) (determining amount in controversy requires that court assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint because the ultimate inquiry is what amount is put "in controversy" by the complaint, not what a defendant will actually owe).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  may also include punitive and emotional distress damages. *See Gibson v. Chrysler*

2  *Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske*, 432 F.3d at 980.

3  **Plaintiff's Complaint**

4       18.    Here, Plaintiff's Complaint alleges three claims for: (1) discrimination

5  based on religion, medical condition, sex, sexual orientation and age in violation of

6  California's Fair Employment and Housing Act ("FEHA"); (2) failure to prevent

7  discrimination and harassment in violation of FEHA; and (3) hostile work

8  environment. *See generally* Exh. A.

9       19.    Plaintiff's Complaint does not seek a specific dollar amount of recovery.

10  Instead, the Complaint seeks, among other things: (1) "general and compensatory

11  damages," including for "loss of earnings and other employment benefits and job

12  opportunities" and "pain, humiliation, and emotional distress, all in an amount not

13  currently ascertained, but which will be proven at trial"; (2) "attorneys' fees

14  according to proof"; and (3) "punitive damages as permitted by law." *See id.*, ¶¶ 29-

15  30, 33-34 & at 9:11-17.

16       20.    As discussed above, Defendant may remove this action to federal court

17  notwithstanding Plaintiff's failure to plead a specific dollar amount in controversy.

18  To that end, Defendant's Notice of Removal need only include a plausible allegation

19  that the amount in controversy exceeds the jurisdictional threshold. *See Dart*

20  *Cherokee*, 574 U.S. at 89; *see also Arias*, 936 F.3d at 925 ("[A] notice of removal

21  'need not contain evidentiary submission.' Instead, evidence showing the amount in

22  controversy is required 'only when the plaintiff contests, or the court questions, the

23  defendant's allegation."). Moreover, Defendant's allegations in this Notice of

24  Removal regarding federal court jurisdiction, including the amount in controversy,

25  must be accepted as true unless and until otherwise contested. *Dart Cherokee*, 574

26  U.S. at 87-88.

27       21.    As set forth below, and necessarily assuming that Plaintiff will prevail

28  on each claim asserted in his Complaint, the compensatory damages, punitive

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

7

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  damages, emotional distress damages, and statutory attorneys' fees sought by

2  Plaintiff establish that the amount in controversy exceeds $75,000.[5]

3  ### Lost Earnings (Compensatory Damages)

4      22.    In his Complaint, Plaintiff alleges that he was employed on a full-time

5  basis as a Sr. Director of Revenue and Strategy for Defendant "for the past 10 years

6  … until just recently when he was terminated in February 21, 2023." *See* Exh. A,

7  ¶¶ 9-10.  He alleges that, as a result of his alleged termination and the other conduct

8  of which he complains in the Complaint, he "has suffered and will continue to suffer

9  a loss of earnings and other employment benefits and job opportunities in an amount

10  not currently ascertained but which will be proven at trial." *See, e.g.*, *id.*, ¶ 29; *see*

11  *also id.*, ¶ 33.  Plaintiff further alleges that he "is, therefore, entitled to general and

12  compensatory damages in an amount to be proven at the time of trial but in excess of

13  the minimum jurisdictional limit of this Court [*i.e.*, $25,000]." *Id.*, ¶ 29.

14      23.    The amount in controversy is not limited to damages incurred prior to

15  removal.  Instead, as the Ninth Circuit held in *Chavez v. JPMorgan Chase & Co.*,

16  *supra*, it includes lost wages incurred *after the time of removal* where, as here, they

17  are expressly prayed for as relief in the operative pleading.  *See Chavez*, 888 F.3d at

18  417-18 (holding that lost wages incurred after removal were appropriately included

19  in the amount in controversy since they were claimed at the time the case was

20  removed by defendant).  Indeed, in determining the amount in controversy, it is

21  appropriate to consider the amount of lost wages <u>through the time of trial</u>.  *See, e.g.,*

22  *Tiffany v. O'Reilly Auto. Stores, Inc.*, 2013 WL 4894307, at *3-4 (E.D. Cal. Sept. 11,

23

24      [5] The amount in controversy calculations, as set forth below, are based on

25  Defendant's assumption, for purposes of removal only, that the allegations of
   Plaintiff's Complaint regarding his theories of liability are true but without any type

26  of express or implied admission that the conduct alleged in the Complaint occurred,
   that Plaintiff has suffered any damages, and that such liability in fact exists. *See, e.g.*,

27  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("Removability
   under § 1446(b) is determined through examination of the four corners of the

28  applicable pleadings, not through subjective knowledge or a duty to make further
   inquiry.").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2013) (post-removal lost earnings through trial properly included in the amount in controversy).

24.    At the time of his separation from Defendant, Plaintiff was paid an annual base salary of $238,065.96, exclusive of commissions, bonuses, and other compensation for which Plaintiff was eligible in addition to his base salary.  Thus, to the extent Plaintiff prevails on any claim for lost wages from his alleged termination through removal of this action to federal court, and assuming that Plaintiff's alleged termination occurred on February 21, 2023 as alleged, the "lost earnings" amount in controversy is *at least* **$91,563.80** [approx. 20 weeks (February 22, 2023 – July 11, 2023) x approx. $4,578.19 per week ($238,065.96 annual salary ÷ 52 weeks)], which on its *own* satisfies the amount in controversy requirement.

25.    However, this lost earnings estimate is actually under-calculated because the Complaint seeks to recover "lost earnings" <u>through trial</u>.  *See, e.g.*, Exh. A, ¶¶ 29, 33.  In determining the amount in controversy for purposes of removal, it is appropriate to consider the amount of lost wages through the time of trial.  *Accord Chavez*, 888 F.3d at 417 ("If a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them.").  Here, Defendant conservatively estimates that this matter will conclude by early January 2026, or within 30 months of its removal from the State Court.[6]  Accordingly, the "lost earnings" amount in controversy through trial is not less than **$732,510.40** [approx. 160 weeks (February 22, 2023 – January 12, 2026) x approximately $4,578.19 per week ($238,065.96 annual salary ÷ 52 weeks)], representing an

---

[6] This 30-month estimate is conservative in light of the 2022 U.S. Courts Caseload Statistics, which show that the median time interval for disposition of civil cases in this District, from filing through trial, is approximately 40.7 months. See Table C-5 at URL https://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2022/12/31 (December 31, 2022).

*additional* amount in controversy of $640,946.60. *See, e.g.*, *Tiffany*, 2013 WL 4894307, at *3-4 (denying remand in employment discrimination action and accepting calculation of 108 weeks of *post-removal* lost wages through the date of trial as appropriately included in amount-in-controversy calculation).

26.    Consequently – and without considering other employment benefits (*i.e.*, paid vacation, 401k, or health insurance contributions) or other compensation (*i.e.*, commissions or bonuses) to which Plaintiff would have been entitled if his employment had not ended (which amounts Defendant reserves the right to include if its amount-in-controversy calculations are challenged) – it is "more likely than not" that the amount in controversy on Plaintiff's prayer for "lost earnings" alone exceeds the jurisdictional minimum of $75,000.[7]

## Other Damages Sought By Plaintiff

27.    Plaintiff's Complaint also seeks to recover, *inter alia*, emotional distress damages, punitive damages, and statutory attorneys' fees, which Defendants have *not* included in calculating the amount in controversy on Plaintiff's Complaint for purposes of this removal because the lost earnings amount in controversy more than meets the jurisdictional minimum, but which are otherwise properly included in the amount in controversy as discussed below.

28.    **Emotional Distress Damages.**  Plaintiff seeks to recover "an amount not currently ascertained, but which will be proven at trial" for "pain, humiliation and emotional distress" that he contends he "has suffered and will continue to suffer" as a result of the conduct alleged in the Complaint.  *See* Exh. A, ¶ 33; *see also id.*,

---

[7] Several courts have found that the jurisdictional minimum was satisfied in employment lawsuits with significantly less in known damages at the time of removal than are in controversy here.  *See, e.g.*, *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002) (finding that defendant established the amount in controversy where the plaintiff's wage loss was just $25,600, and the plaintiff sought unspecific amounts in attorneys' fees, punitive damages and emotional distress damages); *see also Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (affirming that defendant met former $50,000 jurisdictional minimum where the plaintiff sought approximately $30,000 in tort damages as well as punitive damages).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

¶ 55 ("[Plaintiff] has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, emotional distress, stress and other damages to be prove at the time of trial.").

29.    Emotional distress damages are <u>properly considered</u> in calculating the amount in controversy.  *See Kroske*, 432 F.3d at 980; *see also, e.g.*, *Simmons*, 209 F.Supp.2d at 1034; *Miller v. Michigan Millers Ins. Co.*, 1997 WL 136242, at *5 (N.D. Cal. Mar. 12, 1997).  "In order to establish the amount of emotional distress … damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, at *4 (N.D. Cal. July 11, 2008).  District courts in California recognize that "emotional distress damages in a successful employment discrimination case may be ***substantial***." *Simmons*, 209 F.Supp.2d at 1034 (emph. added); *see also Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) (same).  In *Kroske*, 432 F.3d at 980, the Ninth Circuit held that the trial court properly estimated $25,000 for emotional distress damages for purposes of satisfying the amount-in-controversy where the plaintiff's wage loss was only $55,000 (which is significantly less than the lost wages amount in controversy for *this* removal).[8]

30.    **Punitive Damages.**  Plaintiff also seeks punitive damages against Defendant.  *See* Exh. A at 9:14.

31.    Punitive damages <u>should be considered</u> by a district court when determining the amount-in-controversy where they are recoverable as a matter of law.  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  To that end, district courts routinely find that "the potential for large punitive damage awards in employment discrimination cases" satisfies the $75,000 amount in controversy

---

[8] *See, e.g., Perez v. Baxter Healthcare*, 2012 WL 5373468, at *3 (C.D. Cal. Oct. 31, 2012) (holding that jurisdictional minimum was satisfied where the plaintiff's economic damages were no more than $25,851.78 because noneconomic damages for emotional distress in wrongful termination cases for a successful plaintiff ranged from $82,000 to $300,000).

without even considering other damages.  *See Simmons*, 209 F.Supp.2d at 1033.[9] Furthermore, punitive damages verdicts on claims similar to Plaintiff's claims in this action typically far exceed the $75,000 jurisdictional minimum ***on their own***.  *See, e.g.*, *Lopez v. Bimbo Bakeries USA, Inc.*, 2009 WL 1090375, *10-18 (Cal. Ct. App. Apr. 23, 2009) (affirming $2 million punitive damages award on plaintiff's FEHA discrimination/wrongful termination claims).

32.   In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 403, 425 (2003), the U.S. Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "[s]ingle-digit multipliers are more likely to comport with due process."

33.   **Statutory Attorneys' Fees.**  Plaintiff's Complaint also seeks attorneys' fees in connection with his claims.  *See* Exh. A, ¶¶ 30, 34 & at 9:13.  FEHA provides for the recovery of statutory attorneys' fees by the prevailing party.  *See, e.g.*, Cal. Gov't Code § 12965(b).

34.   In the Ninth Circuit, when attorneys' fees are authorized by statute, they are <u>appropriately part of the calculation</u> of the "amount in controversy" for purposes of removal.  *Fritsch*, 899 F.3d at 794; *see also Galt*, 142 F.3d at 1155-56 ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.") Indeed, "a court ***must*** include **future** attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emph. added); *see also Arias*, 936 F.3d at 927-28

[9] *See also, e.g.*, *Chambers v. Penske Truck Leasing Corp.*, 2011 WL 1459155, at *4 (E.D. Cal. Apr. 15, 2011) (denying remand in employment discrimination action and finding the amount in controversy was satisfied because "punitive damages in employment matters may be substantial"); *Haase v. Aerodynamics Inc.*, 2009 WL 3368519, at *4 (E.D. Cal. Oct. 19, 2009) (acknowledging million-dollar punitive damages awards and denying remand in employment discrimination action, noting that "even a minimum award of punitive damages would satisfy the jurisdictional requirement").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

(reaffirming *Fritch*'s holding that "a court must include attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met" and finding district court erred in excluding prospective attorneys' fees from the amount in controversy).

35.    The Court's own knowledge and experience in ruling on prevailing plaintiffs' motions for attorneys' fees in employment discrimination and wrongful termination cases, like this action, should indicate that it is "more likely than not" that Plaintiff will be seeking an attorneys' fee award of *at least* $75,000 if this case is litigated to judgment in a jury trial.[10]  *See Simmons*, 209 F.Supp.2d at 1035 ("[A]ttorneys' fees in individual discrimination cases often exceed the damages.").

36.    If any of the foregoing categories of damages were included in Defendant's (or this Court's) amount in controversy calculations, they would only serve to increase the total amount in controversy on Plaintiff's Complaint—which already exceeds the $75,000 jurisdictional threshold based solely on Plaintiff's alleged lost earnings *through removal only*.  To that end, Defendant expressly reserves and does not waive its right to amend or supplement this Notice of Removal to include any additional sums sought in the Complaint but not included herein, including without limitation the damages categories discussed above, should any aspect of this removal and/or the information set forth herein be challenged.

---

[10]  *See, e.g.*, *Wysinger v. Auto. Club*, 157 Cal.App.4th 413, 430-432 (2007) (affirming $980,000 attorneys' fees award in FEHA discrimination action); *Lopez*, 2009 WL 1090375, at *18-21 (affirming trial court's award of $1 million in attorneys' fees on FEHA discrimination/wrongful termination claims); *Crawford v. DirecTV, Inc.*, 2010 WL 5383296 (Cal. Super. Ct. Sept. 29, 2010) (awarding approximately $160,000 in attorneys' fees in FEHA disability/wrongful termination action where the plaintiff's recovered damages were only $175,000); *Harris v. City of Santa Monica*, 2007 WL 4303742 (Cal. Super. Ct. Feb. 27, 2007) (awarding $401,188 in attorneys' fees where plaintiff prevailed in wrongful termination action); *Campos v. Valley Family Health Ctr. Med. Grp. Inc.*, 2007 WL 3275361 (Cal. Super. Ct. May 9, 2007) (awarding $117,165 in attorneys' fees to prevailing plaintiff in wrongful termination action).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## Summary of Amount in Controversy

37.    Based on the foregoing – and excluding for purposes of this Notice of Removal <u>only</u> any lost earnings *through trial* (representing an additional $$640,946.60 in controversy), lost employment benefits (*e.g.*, 401k, employer contributions to medical insurance) and other compensation (*e.g.*, bonuses or commissions) to which Plaintiff was entitled during his employment as well as emotional distress damages, punitive damages, *or* statutory attorneys' fees to which Plaintiff claims to be entitled, all of which are otherwise properly included in the amount in controversy – the amount in controversy on Plaintiff's Complaint is ***not less than*** <u>**$91,563.80**</u>, which exceeds the $75,000 jurisdictional threshold.

38.    Accordingly, this Court has original jurisdiction in this action under 28 U.S.C. § 1332, and Defendant may remove this action to this Court under 28 U.S.C. §§ 1441 and 1446, because: (1) there is complete diversity of citizenship because Plaintiff and Defendant are citizens of different states; and (2) it is more likely than not that the damages sought by Plaintiff in this action far exceed the jurisdictional minimum of $75,000, exclusive of interest and costs.

## VENUE

39.    Venue lies in this Court because Plaintiff's action was filed in the Superior Court of California, County of San Diego, and is thus pending in this district and division.  Accordingly, this action is properly removed to this Court.  *See* 28 U.S.C. § 1441(a).

## RESERVATION OF RIGHTS

40.    Defendant expressly reserves and does not waive its right to amend or supplement this Notice of Removal to include any additional sums sought in the Complaint but not included herein and/or to offer evidence supporting the Court's jurisdiction over this action to the fullest extent permitted by applicable law and/or to provide additional supporting evidence should any aspect of this removal and/or the information set forth herein be challenged.  *See, e.g.*, *Arias*, 936 F.3d at 925-29

14

1  (defendant must be provided "a fair opportunity to submit proof" where amount in

2  controversy is contested).

3      41.    In addition, nothing in this Notice of Removal is intended to be nor

4  should be construed as any type of express or implied admission by Defendant of any

5  fact, of the validity or merits of any of Plaintiff's claims, causes of action or

6  allegations, or of any liability for the same, all of which are hereby expressly denied,

7  or as any type of express or implied waiver or limitation of any of Defendant's rights,

8  claims, remedies, and defenses in connection with this action, all of which are hereby

9  fully and expressly reserved.

10            **NOTICE TO PLAINTIFF AND STATE COURT**

11      42.    Contemporaneously with the filing of this Notice of Removal in this

12  Court, written notice of such filing will be served on Plaintiff's counsel of record as

13  reflected in the attached Proof of Service.  *See* 28 U.S.C. § 1446(d).  In addition, a

14  copy of this Notice of Removal will be filed with the Clerk of the Superior Court of

15  the State of California in and for the County of San Diego. *See id.*

16      **WHEREFORE**, Defendant respectfully requests that the above-captioned

17  action now pending in the State Court be removed to this United States District Court.

18

19  Dated:  July 11, 2023            **BAKER & HOSTETLER LLP**

20

21                      By:    */s/ Amy E. Beverlin*
                                Sabrina L. Shadi
22                              Amy E. Beverlin

23                      Attorneys for Defendant THE E.W.
                        SCRIPPS COMPANY
24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

15

1

**PROOF OF SERVICE**

   I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11601 Wilshire Boulevard , Suite 1400, Los Angeles, CA  90025-0509.  On July 11, 2023, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

| ☐ | **VIA EMAIL.** By transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below. |
|---|---|
| ☑ | **VIA U.S. MAIL.** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |

Donald R. Holben, Esq.                         Attorneys for Plaintiff
Lorraine M. Nisbet, Esq.                        Brian Hellman
DONALD HOLBEN & ASSOCIATES, APC
5030 Camino de la Siesta, Suite 350
San Diego, CA  92108
Telephone: (619) 220-5555
Facsimile: (619) 220-0033
lmn@sandiegotrialattorneys.com

   I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on July 11, 2023, at Los Angeles, California.

_____
Arnel C. Glorioso

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

16
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT
4868-8103-7421.4